■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN THORNTON, Appellant. [654 NYS2d 323] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered June 3, 1994, convicting him of sexual abuse in the first degree (three counts) and endangering the welfare of a child, after a nonjury trial, and imposing sentence. By decision and order of this Court dated December 11, 1995, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Queens County, to hear and report on whether the viewing of a photograph was merely confirmatory or a suggestive identification procedure (*see, People v Thornton*, 222 AD2d 537). The Supreme Court (Appelman, J.), has filed its report. Justice Altman has been substituted for the late Justice Hart (*see*, 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

On remittitur, the Supreme Court determined that the People failed to establish that the seven-year-old complainant was so well acquainted with the defendant as to be impervious to a suggestive identification procedure, and that the showing of a single photograph to the seven-year-old complainant was a suggestive identification procedure.

Contrary to the People's contentions, the Supreme Court properly determined that the identification was not merely confirmatory in nature and that the identification of the defen-

dant from a single photograph two months after the crime was suggestive (*see, People v Rodriguez*, 79 NY2d 445, 450; *People v Mato*, 83 NY2d 406; *People v Showers*, 200 AD2d 864). However, prior to a new trial, the People are entitled to an independent source hearing (*see, People v Burts*, 78 NY2d 20, 24).

In view of this determination, we need not reach the defendant's contention that his sentence was excessive. Bracken, J. P., Rosenblatt, Sullivan and Altman, JJ., concur.