■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY BREWER, Appellant. [702 NYS2d 653] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered April 25, 1996, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court providently exercised its discretion in denying the defendant's motion for separate trials on the respective incidents charged in the indictment. The charges were joinable because they were defined by the same or similar statutory provisions and, as a consequence, were the same or similar as a matter of law (see, CPL 200.20 [2] [c]; People v Jenkins, 50 NY2d 981, 982). Further, proof of the crimes was presented separately, was uncomplicated, and was easily segregable in the minds of the jurors (see, People v Berta, 213 AD2d 659). Moreover, the court repeatedly instructed the jurors to separately consider the evidence presented as to each incident (see, People v Hall, 169 AD2d 778, 779; People v Telford, 134 AD2d 632).

The defendant's sentence, as a persistent violent felony offender, was not excessive (see, People v Suitte, 90 AD2d 80). Sullivan, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.