■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON VALDES, Appellant. [726 NYS2d 8] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered April 30, 1999, convicting defendant, after a jury trial, of auto stripping in the second degree and criminal possession of burglar's tools, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 1 year, respectively, unanimously affirmed.

Defendant, who had engaged in a pattern of outbursts at various points in the proceedings, and who had been sufficiently and frequently warned that further disruptions would lead to his removal from the courtroom, was properly removed when he interfered with the prosecutor's summation through gestures and pantomime intended to communicate to the jury his disagreement with the prosecutor's remarks (*see*, CPL 260.20). We have considered and rejected defendant's remaining arguments on this issue.

Transcription error is the only reasonable explanation of the court's purported statement during its preliminary charge to the prospective jurors that "the People are not obligated to prove guilt beyond a reasonable doubt." The purported misstatement, which went unchallenged by counsel, is directly contradicted by other language appearing immediately before and after it. In any event, even if the purported error actually occurred, it could not have misled the jury given the correct statement of the reasonable doubt standard in the remainder of the preliminary charge, as well as in the final charge (*see*, *People v Simon*, 224 AD2d 458, *lv denied* 88 NY2d 885). Concur—Rosenberger, J. P., Williams, Tom, Wallach and Rubin, JJ.