■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORI JENKINS, Appellant. [846 NYS2d 347]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 3, 2005, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court did not improvidently exercise its discretion in denying the defendant's repeated applications for further competency examinations pursuant to CPL article 730 (*see People v Tortorici,* 92 NY2d 757, 765-766 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan,* 87 NY2d 878, 879-880 [1995]). The Supreme Court was entitled to rely on pretrial examination reports finding the defendant fit to proceed, including one dated less than four months before the commencement of trial, as well as its own observations of the defendant, in determining that further examination was unwarranted (*see People v Morgan,* 87 NY2d 878, 880-881 [1995]; *People v Jones,* 25 AD3d 809, 810 [2006]; *People v Torres,* 12 AD3d 539, 540 [2004]; *People v Felix,* 2 AD3d 535, 536 [2003]; *People v Farhn,* 300 AD2d 599 [2002]).

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying his

request to proceed pro se (*see* CPL 1.20 [11]). The court was justified in finding that the request, which was made after trial commenced and the jury was selected and sworn, was designed to prevent the fair and orderly exposition of the issues (*see People v McIntyre* 36 NY2d 10, 17 [1974]).

Although a defendant has a fundamental right to be present at all material stages of his trial (*see People v Dokes*, 79 NY2d 656, 659 [1992]), he may forfeit that right by deliberately absenting himself from the proceedings (*see People v Brooks*, 75 NY2d 898, 899 [1990]; *People v Sanchez*, 65 NY2d 436, 443-444 [1985]). When a defendant is absent from the courtroom after trial has begun, the court should make inquiry and recite on the record the facts and reasons it relied upon in determining that the defendant's absence was deliberate before proceeding in the defendant's absence (*see People v Brooks*, 75 NY2d at 898, 899). The record supports the trial court's determination that the defendant's absence was deliberate (*see People v Green*, 216 AD2d 581, 582 [1995]). Thus, the court properly proceeded with the trial in his absence.

The defendant's remaining contentions are without merit. Goldstein, J.P., Skelos, Fisher and Dillon, JJ., concur.