THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEENAN PARKER, Appellant. [938 NYS2d 444]—

Contrary to the defendant's contentions, the Supreme Court providently exercised its discretion in removing him from the courtroom prior to the prosecutor's summation. "A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions" (*People v Parker*, 57 NY2d 136, 139 [1982], citing US Const 6th Amend; NY Const, art I, § 6; *see Illinois v Allen*, 397 US 337, 338 [1970]). However, the right to be present "may be waived, and a defendant may forfeit his right to be present when his conduct 'unambiguously indicates a defiance of the processes of law and it disrupts the trial after all parties are assembled and ready to proceed' " (*People v Hendrix*, 63 AD3d 958, 958 [2009], quoting *People v Sanchez*, 65 NY2d 436, 444 [1985]; *see People v Mitchell*, 69 AD3d 761 [2010]). Here, the removal came after the Supreme Court issued several admonitions, which were ignored, as the defendant's outbursts continued. Furthermore, given the defendant's prior behavior, the Supreme Court providently exercised its discretion in denying the defendant's

applications to return to the courtroom (*cf. People v Hendrix*, 63 AD3d at 958; *People v Valdes*, 283 AD2d 187 [2001]).

Likewise, there is no merit to the defendant's claim that the Supreme Court erred in its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) by not setting forth its reasoning and the balancing process in which it engaged in making the *Sandoval* ruling. "Our law does not require the application of any particular balancing process in *Sandoval* determinations . . . Similarly, an exercise of a trial court's *Sandoval* discretion should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning" (*People v Walker*, 83 NY2d 455, 459 [1994] [internal quotation marks and citations omitted]).

The Supreme Court did not err in discharging a sworn juror over the protest of the defendant (*see People v Buford*, 69 NY2d 290 [1987]). After a chance encounter with one of the prosecution's witnesses, the juror approached the Supreme Court to express his uneasiness over their brief exchange. When asked if he could remain fair and impartial following the incident, the juror answered "I can't tell you." Based on the juror's response, the Supreme Court was justified in concluding that the juror was "grossly unqualified" to continue serving based on his inability to state that he would not be influenced by his meeting with the witness (*see People v Lennon*, 37 AD3d 853 [2007]; *see generally People v Rodriguez*, 71 NY2d 214, 219 [1988]).

The contention raised by the defendant in his pro se supplemental brief is academic. The remaining contention raised by the defendant in his main brief does not require reversal. Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.