■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CROOKS, Appellant. [943 NYS2d 90]—

Judgment, Supreme Court, New York County (Laura A. Ward, J., at colloquy; Ronald A. Zweibel, J., at nonjury trial and sentencing), rendered March 17, 2010, as amended April 7, 2010, convicting defendant of burglary in the second degree, and sentencing him to a term of eight years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of five years, and otherwise affirmed. Judgment, same court (Ronald A. Zweibel, J.), rendered March 31, 2010, as amended April 7, 2010, convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him to a concurrent term of one year, unanimously affirmed.

Defendant's request to proceed pro se did not obligate the court to make a sua sponte inquiry into whether defendant was instead entitled to new counsel. As in *People v Davis* (10 AD3d 583, 583 [2004], *lv denied* 4 NY3d 743 [2004]), "[a]lthough defendant had expressed dissatisfaction with his attorney, his sole request was for permission to proceed pro se, and not for substitution of counsel." In any event, even if defendant had specifically requested new counsel, his critical comments regarding his lawyer's performance did not constitute the "specific factual allegations" that are required to trigger a court's duty to make "minimal inquiry" (*People v Porto*, 16 NY3d 93, 100 [2010]).

Defendant argues that the evidence supporting his conviction of burglary in the second degree was legally insufficient because the housing project whose basement he entered unlawfully was allegedly not a dwelling. This argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]).

Burglary of the basement of an apartment building constitutes burglary of a "dwelling" (see Penal Law § 140.00 [2], [3]; § 140.25; *People v Rohena*, 186 AD2d 509 [1992], *lv denied* 81 NY2d 794 [1993]). For purposes of the dwelling element of second-degree burglary, a Housing Authority building is a dwelling because it meets the definition set forth in Penal Law § 140.00 (3). Nothing in Penal Law § 140.10 (e) is to the contrary.

We find the sentence excessive to the extent indicated. Concur—Mazzarelli, J.P., Acosta, Renwick and Richter, JJ.