Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at suppression hearing; Arlene D. Goldberg, J., at jury trial and sentencing), rendered April 7, 2011, convicting defendant of criminal possession of a weapon in the third degree, and sentencing her, as a second felony offender, to a term of two to four years, unanimously affirmed.
The court properly denied defendant’s suppression motion. The police had, at least, a founded suspicion that defendant was involved in her companions’ criminal activity, thereby justifying a common-law inquiry. The record establishes that the officers did not exceed the bounds of such an inquiry. When defendant approached an officer to ask why he was detaining her friends, *649 the officer told her to remain with her friends, who were near a wall, while he questioned them. The record establishes that the police had reasonable suspicion to warrant a level three detention. During defendant’s encounter with the police an officer saw what he recognized as a gravity knife protruding from defendant’s pocket, and this provided probable cause for her arrest.
Since defendant received the minimum sentence permitted by law, we have no authority to reduce it unless we find, as a matter of constitutional law, that the sentence constituted cruel and unusual punishment. Defendant’s constitutional challenge to her sentence is unpreserved (see People v Ingram, 67 NY2d 897, 899 [1986]) and without merit (see People v Thompson, 83 NY2d 477, 480 [1994]; People v Broadie, 37 NY2d 100 [1975], cert denied 423 US 950 [1975]).
Concur—Tom, J.E, Acosta, Román, Feinman and Clark, JJ.