■ The People of the State of New York, Respondent, v Jerome Barnett, Appellant. [3 NYS3d 128]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered January 9, 2013, convicting him of burglary in the third degree, criminal mischief in the third degree, petit larceny, and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that the evidence was legally insufficient to support his convictions of burglary in the third degree, petit larceny, and unauthorized use of a motor vehicle in the third degree are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492-493 [2008]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Santos*, 86 NY2d 869, 871 [1995]; *People v Sudol*, 89 AD3d 499, 500 [2011]; *People v Cortes*, 44 AD3d 1068 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt as to those crimes. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d

490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the aforementioned crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's further contention, the verdict finding him guilty of burglary in the third degree and not guilty of the petit larceny count with respect to the incident underlying the burglary count was not repugnant (*see generally People v Trappier*, 87 NY2d 55 [1995]).

The Supreme Court properly denied the defendant's motion to sever certain counts of the indictment from others. "Separate offenses are joinable in a single indictment and may be tried together when the offenses . . . are defined by the same or similar statutory provisions and consequently are the same or similar in law" (*People v Richardson*, 235 AD2d 502, 503 [1997]; *see People v Jenkins*, 50 NY2d 981 [1980]; *People v Allah*, 283 AD2d 436 [2001]). The defendant failed to show that he would be unduly prejudiced by the joint trial of those charges, and failed to demonstrate that he had both a strong need to refrain from testifying concerning the charges arising from some incidents, and important testimony to present concerning the other incidents (*see People v Cabrera*, 188 AD2d 1062, 1063 [1992]; *People v Telford*, 134 AD2d 632 [1987]). Further, there is nothing in the record to support the defendant's claim that he suffered actual prejudice as a result of the denial of his severance motion (*see People v Richardson*, 235 AD2d at 503). The proof of each crime was separately presented, uncomplicated, and easily segregable in the minds of the jurors, there was no substantial difference in the quantity of proof at trial for each of the crimes, and the court repeatedly instructed the jury to consider each incident separately (*see People v Reyes*, 60 AD3d 873 [2009]; *People v Vernon*, 304 AD2d 679, 680 [2003]; *People v Brewer*, 269 AD2d 538 [2000]). Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.