■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASEEM WILLIAMS, Appellant. [23 NYS3d 36]—

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered October 3, 2013, convicting defendant, after a jury trial, of assault in the second degree and resisting arrest, and sentencing him, as a second violent felony offender, to an aggregate term of six years, unanimously affirmed.

The court properly exercised its discretion in ejecting defendant from the courtroom, and thus precluding him from continuing to represent himself. By engaging, after proper admonitions from the court, in persistently obstreperous and disruptive conduct that warranted removal (*see Illinois v Allen*, 397 US 337 [1970]), defendant necessarily rendered continued self-representation impossible. Moreover, disruptive conduct itself disqualifies a defendant from self-representation, and the record supports the court's implicit finding that defendant's conduct "would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d 10, 17 [1974]). We note that shortly after this incident, defendant was returned to the courtroom after agreeing to behave properly, and that he requested that his standby counsel resume representation.We have considered and rejected defendant's remaining arguments on this subject, including those relating to the court's denial of defendant's requests for an adjournment, and for the removal or replacement of standby counsel.

The evidence at a *Hinton* hearing established an overriding interest that warranted a limited closure of the courtroom (*see Waller v Georgia*, 467 US 39 [1984]). The undercover officers' testimony, including testimony that they expected to continue working undercover in the vicinity of defendant's arrest, established a substantial probability that their undercover status and safety would be jeopardized by testifying in an open courtroom (*see People v Echevarria*, 21 NY3d 1, 12-14 [2013]). Contrary to defendant's argument, the People were not required to show a specific link between defendant and any potential courtroom spectators who might endanger the undercover officer.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence amply supports the conclusions that defendant knew his victim was a police officer who was attempting to arrest defendant for selling what later proved to be imitation drugs, that the officer sustained physical injury, and that defendant caused the injury.

We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Acosta, Andrias and Richter, JJ.