■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL REILLY, Appellant. [28 NYS3d 860]—

Judgments, Supreme Court, New York County (Eduardo Padro, J.), rendered April 2, 2014, as amended June 6, 2014, convicting defendant, upon his plea of guilty, of three counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to three consecutive terms of 2 to 4 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences on the two convictions under SCI 5805/11 to 1½ to 3 years, resulting in three consecutive sentences of 1½ to 3, 1½ to 3, and 2 to 4, for an aggregate term of 5 to 10 years, and otherwise affirmed.

The court properly denied defendant's motion to withdraw his guilty plea. At the time of the plea, the court clearly explained to defendant that if he violated the plea conditions he would receive consecutive sentences resulting in an aggregate term of 6 to 12 years. Defendant's argument that this warning was ambiguous rests on a single word in the transcript. The record, including the context in which that word appeared and all surrounding circumstances, support the sentencing court's finding that the transcript is incorrect in this regard. Even assuming that the court reporter accurately transcribed her original notes, the inference is inescapable that those notes

are incorrect because the reporter simply misheard a word in the court's plea colloquy (*see e.g. People v Valdes*, 283 AD2d 187 [1st Dept 2001], *lv denied* 97 NY2d 688 [2001]). Defendant's other challenges to his plea, alleging that its voluntariness was impaired by mental illness and drugs, are unsubstantiated and contradicted by the plea allocution record.

We find the sentences excessive to the extent indicated. This determination renders defendant's remaining contention academic. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.