■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GONZALEZ, Appellant. [44 NYS3d 380]—

Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered November 12, 2013, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years with three years' postrelease supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the period of postrelease supervision to 1½ years, and otherwise affirmed.

The verdict rejecting defendant's agency defense was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Among other things, defendant led the undercover officer to an accomplice, whom he knew was working in the area at the time, touted the quality of the heroin, accompanied the officer and accomplice to a building where defendant stood as a lookout during the sale, and remained with the accomplice after the sale. Thus, it is a reasonable inference that defendant acted as a steerer whose duties included escorting customers to the place of the sale, and there was no evidence suggesting that he was doing a risky "favor" for a total stranger (*see People v Lam Lek Chong*, 45 NY2d 64, 74-75 [1978], *cert denied* 439 US 935 [1978]; *see also People v Vaughan*, 300 AD2d 104 [1st Dept 2002], *lv denied* 99 NY2d 633 [2003]).

Defendant's claim under *People v O'Rama* (78 NY2d 270 [1991]), which involves a jury note that the court read into the record in full before responding, is concededly unpreserved, and we decline to review it claim in the interest of justice. As an alternative holding, we find that although the court should have discussed the note with counsel on the record outside the jury's presence before responding, defendant was not prejudiced by the lack of full compliance with the *O'Rama* procedures. The court merely reread portions of the charge already provided to the jury, and counsel's input into any response could have only been minimal (*People v Snider*, 49 AD3d 459, 460 [1st Dept 2008], *lv denied* 11 NY3d 795 [2008]).

The evidence at a *Hinton* hearing established an overriding interest that warranted a limited closure of the courtroom (*see Waller v Georgia*, 467 US 39 [1984]). The undercover officer testified that, among other things, he was still working in the vicinity of defendant's arrest. Such testimony has consistently been held to demonstrate a substantial probability that the officer's undercover status and safety would be jeopardized by testifying in an open courtroom (*see People v Echevarria*, 21

NY3d 1, 12-14 [2013], *cert denied sub nom. Johnson v New York*, 571 US —, 134 S Ct 823 [2013]; *People v Sykes*, 135 AD3d 535 [1st Dept 2016], *lv denied* 27 NY3d 969 [2016]; *People v Williams*, 134 AD3d 639, 640 [1st Dept 2015], *lv denied* 27 NY3d 970 [2016]). Furthermore, the record sufficiently demonstrates that the court fulfilled its obligation under *Waller* to consider reasonable alternatives, and, to the extent the court considered some alternatives and not others, it can be imferred that the court determined that no lesser alternative would suffice (*see Echevarria*, 21 NY3d at 14-19).

Defendant's constitutional challenge to his prison sentence, which is the minimum permitted by law because of his prior violent felony conviction, is unpreserved (*see People v Tufano*, 105 AD3d 648, 649 [1st Dept 2013], *lv denied* 21 NY3d 1011 [2013]), and we decline to review it in the interest of justice. As an alternative holding, we find this claim unavailing (*see People v Thompson*, 83 NY2d 477, 480 [1994]; *People v Broadie*, 37 NY2d 100, 114-115 [1975], *cert denied* 423 US 950 [1975]).

However, as the People concede, since the court stated that it was imposing the "minimum" period of postrelease supervision permitted by law, but actually imposed a greater period, we modify the sentence accordingly. Concur—Friedman, J.P., Moskowitz, Webber, Kahn and Gesmer, JJ.