■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN MURRAY, Appellant. [49 NYS3d 297]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered May 22, 2015, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously affirmed.

The verdict, which rejected defendant's agency defense, was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Moreover, there was overwhelming evidence "that defendant acted as a steerer whose duties included escorting customers to the place of the sale, and there was no evidence suggesting that he was doing a risky 'favor' for a total stranger" (*People v Gonzalez*, 145 AD3d 586, 587 [1st Dept 2016]).

In the course of attempting to place in evidence the lone drug conviction that the court had allowed to be elicited to refute the agency defense, the prosecutor improperly displayed a voluminous document and referred to it as defendant's rap sheet. However, the error was harmless in light of the trial court's ameliorative actions and 'overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court providently exercised its discretion in permitting expert testimony on the possible meanings of text messages between defendant and the seller. Defendant's specific claim that this testimony usurped the jury's role is unpreserved and we decline to review it in the interest of justice. In any event, the testimony was admissible because the communications were primarily conducted in street language beyond the knowledge of the typical juror (*see People v.Williams*, 146 AD3d 410 [1st Dept 2017]), and the defects identified by the Court of Appeals in *People v Inoa* (25 NY3d 466, 474 [2015]) were not present. In any event, any prejudice was minimized by the court's limiting instructions (*see People v Brown*, 97 NY2d 500, 506 [2002]), and any error was harmless, given the overwhelming evidence.

Defendant expressly waived his claim regarding the events surrounding the taking of the verdict, and we decline to review them in the interest of justice. As an alternative holding, we reject it on the merits.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.