People v Hayes (2020 NY Slip Op 00299)





People v Hayes


2020 NY Slip Op 00299


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-04908
 (Ind. No. 488/17)

[*1]The People of the State of New York, respondent,
v
Ralphie Hayes, appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered April 6, 2018, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the County Court improvidently exercised its discretion in denying, without further inquiry, his request for new assigned counsel. "When a defendant's request on its face suggests a serious possibility of irreconcilable conflict with defense counsel, the trial court is obliged to make some minimal inquiry to determine whether the request has a genuine basis" (People v Stevens, 162 AD3d 1077, 1077; see People v Sides, 75 NY2d 822, 825; People v Medina, 44 NY2d 199, 207). Here, however, the defendant, who was then represented by his third assigned attorney, failed to set forth "specific factual allegations of serious complaints about counsel,'" so as to trigger the court's duty to make a minimal inquiry into his request for a fourth assigned attorney (People v Porto, 16 NY3d 93, 100, quoting People v Medina, 44 NY2d at 207; see People v Leftenant, 173 AD3d 1211, 1212; People v Degracia, 173 AD3d 1199).
Contrary to the defendant's contention, the record demonstrates that his subsequent decision to waive his right to counsel and to proceed pro se was unequivocal, knowing, voluntary, and intelligent (see People v Ball, 162 AD3d 680, 681; People v McCord, 133 AD3d 689, 690). There is no indication in the record that the defendant was severely mentally ill at the time he made his request to proceed pro se, or that any mental condition at that time rendered him incapable of intelligently and voluntarily waiving his right to counsel and representing himself (see People v Stone, 22 NY3d 520).
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court