People v Lundquist (2020 NY Slip Op 01082)





People v Lundquist


2020 NY Slip Op 01082


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2018-00984
 (Ind. No. 298/16)

[*1]The People of the State of New York, respondent,
v
Scott Lundquist, appellant.


Karen G. Leslie, Riverhead, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Guy Arcidiacono of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered December 20, 2017, convicting him of burglary in the first degree and burglary in the second degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender, to a concurrent indeterminate term of imprisonment of 25 years to life on each conviction.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on each conviction from a concurrent indeterminate term of imprisonment of 25 years to life to a concurrent indeterminate term of imprisonment of 20 years to life; as so modified, the judgment is affirmed.
The defendant was convicted of burglary in the first degree and burglary in the second degree in connection with a home invasion that occurred in Huntington Station on October 3, 2015.
The defendant contends that the County Court erred in denying his application to proceed pro se. "Under the New York and Federal Constitutions, a defendant has the right to proceed without counsel and to represent him or herself at trial, and the State may not force counsel upon a defendant" (People v Silburn, 31 NY3d 144, 150). However, "to best promote the orderly administration of justice and insulate convictions from claims of deprivation of fundamental fairness, the right to self-representation is necessarily a qualified right" (People v Arroyo, 98 NY2d 101, 103; see People v Nahshal, 146 AD3d 817, 818). "A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (People v McIntyre, 36 NY2d 10, 17).
Here, the County Court had the opportunity to observe the defendant's erratic and disruptive behavior throughout the lengthy proceedings, which included a prior mistrial. Among other things, the defendant's various unprovoked tirades and accusations of corruption supported the court's determination that the defendant had "engaged in conduct which would prevent the fair and orderly exposition of the issues" (id. at 17; see People v Gregory, 33 NY3d 1017, 1018; People v Gilbo, 52 AD3d 952, 955). Moreover, to the extent that the defendant sought to represent himself [*2]with his attorney acting as "co-counsel," his request to proceed pro se was not unequivocal (see People v Silburn, 31 NY3d 144). Consequently, although a more comprehensive inquiry as to the defendant's desire to represent himself would have been preferable, the court did not improvidently exercise its discretion in denying the defendant's request to represent himself (see People v Jenkins, 45 AD3d 864, 865; cf. People v Paulin, 140 AD3d 985, 988).
The defendant contends that the County Court erred in removing him from the courtroom prior to his attorney's opening statement and at certain other stages of trial and sentencing. " A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions'" (People v Parker, 92 AD3d 807, 807, quoting People v Parker, 57 NY2d 136, 139). "However, the right to be present may be waived, and a defendant may forfeit his [or her] right to be present when his [or her] conduct unambiguously indicates a defiance of the processes of law and it disrupts the trial after all parties are assembled and ready to proceed'" (People v Parker, 92 AD3d at 807, quoting People v Hendrix, 63 AD3d 958, 958 [internal quotation marks omitted]).
Here, the defendant was removed from the courtroom only after the County Court issued repeated warnings, which were ignored, as the defendant's disruptive behavior continued (see People v Parker, 92 AD3d at 807; People v Sanchez, 7 AD3d 645, 646; cf. People v Burton, 138 AD3d 882, 883-884). Further, as often as practicable, the court afforded the defendant the opportunity to return to the courtroom and correct his behavior (see People v Sanchez, 7 AD3d at 646). Accordingly, the court did not improvidently exercise its discretion in removing the defendant from the courtroom during trial when he failed to heed the court's warnings. For the same reasons, the court did not improvidently exercise its discretion in removing the defendant from the courtroom and sentencing him in absentia (see People v Percer, 90 AD3d 789, 790).
The sentence imposed was excessive to the extent indicated herein.
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court