People v Ceballos (2020 NY Slip Op 07143)





People v Ceballos


2020 NY Slip Op 07143


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Ind No. 1505N/11 Appeal No. 12493 Case No. 2017-2783 

[*1]The People of the State of New York, Respondent,
v
Deivis Ceballos, Defendant-Appellant.


Epstein & Conroy, P.C., Brooklyn (Jason Eldridge of counsel), for appellant.
Cyrus R. Vance Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered February 27, 2017, convicting defendant, after a jury trial, of conspiracy in the second degree and criminal possession of a controlled substance in the first and second degrees, and sentencing him to an aggregate term of 13 years, unanimously affirmed.
The court providently exercised its discretion in correcting the transcript of the taking of the jury verdict to replace several plainly errant references. The transcript incorrectly made references to weapon possession charges, as opposed to the criminal possession of a controlled substance charges that were contained in the indictment and on which the jury was instructed [*2](see People v Bethune, 29 NY3d 539 [2017]). The totality of the circumstances made it clear that the original transcript misstated the words actually spoken in court. These include the court's own recollection, the information provided to the prosecutor by the court reporter that the error might be attributable to the use of the wrong stenographic macro as well as the absence of any reference to, or evidence of, any weapon charges at any point in the trial. It seems even more unlikely that neither the court, the prosecutor, the defense counsel nor the jurors would have remained silent as the court clerk allegedly announced the wrong charge several times, and that the clerk repeatedly misread an undisputedly correct verdict sheet (see e.g. People v Valdes, 283 AD2d 187 [1st Dept 2001], lv denied 97 NY2d 688 [2001][absurd purported jury charge deemed transcription error]).
Accordingly, defendant's claim of ineffective assistance of counsel based upon the assumed accuracy of the original minutes, are unavailing.
Defendant's other ineffective assistance claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, regarding counsel's strategy and preparation (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). In the absence of a CPL 440.10 motion before this Court, the merits of defendant's ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that defendant knew what drugs were in his possession (see generally People v Reisman, 29 NY2d 278, 285-286 [1971], cert denied 405 US 1041 [1972]), and refutes his claim that he believed he was only transporting marijuana.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020