People v Zomora (2021 NY Slip Op 01065)





People v Zomora


2021 NY Slip Op 01065


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-14256
 (Ind. No. 17-00693)

[*1]The People of the State of New York, respondent,
v
Fredys Gutierrez Zomora, appellant.


Richard L. Herzfeld, New York, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel; Alexander Ochoa on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig S. Brown, J.), rendered May 8, 2018, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the County Court improvidently exercised its discretion in denying, without further inquiry, his request for new assigned counsel. While an indigent defendant is guaranteed the right to counsel by both the Federal and New York State Constitutions (see US Const 6th Amend; NY Const, art I, § 6), "this entitlement does not encompass the right to counsel of one's own choosing" (People v Porto, 16 NY3d 93, 99). Thus, the defendant's request that the court assign a particular individual as his attorney was properly denied.
To the extent that the defendant was requesting to have his counsel substituted even if he could not have the attorney of his choice, when a defendant's request to substitute counsel "on its face suggests a serious possibility of irreconcilable conflict with defense counsel, the trial court is obliged to make some minimal inquiry to determine whether the request has a genuine basis" (People v Stevens, 162 AD3d 1077, 1077; see People v Sides, 75 NY2d 822, 825). Here, however, the defendant failed to set forth "specific factual allegations of 'serious complaints about counsel,'" so as to trigger the court's duty to make a minimal inquiry (People v Porto, 16 NY3d at 100, quoting People v Medina, 44 NY2d 199, 207; see People v Hayes, 179 AD3d 835, 835; People v Stevens, 162 AD3d at 1077).
Accordingly, the County Court did not improvidently exercise its discretion in denying the defendant's substitution request without further inquiry.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court