People v El Hor (2021 NY Slip Op 04919)





People v Hor


2021 NY Slip Op 04919


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING, JJ.


2018-08546
 (Ind. No. 2051/14)

[*1]The People of the State of New York, respondent,
v
Abdelhak El Hor, appellant.


Patricia Pazner, New York, NY (Jenin Younes and Cynthia Colt of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Lorenzo Di Silvio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Douglas Wong, J.), rendered July 2, 2018, revoking the probation component of a split sentence of incarceration and probation previously imposed by the same court (Barry Kron, J.), upon a finding that he violated conditions thereof, after a hearing, and imposing a sentence of imprisonment followed by a period of postrelease supervision upon his previous conviction of assault in the second degree.
ORDERED that the amended judgment is affirmed.
The defendant pleaded guilty to assault in the second degree in return for a split sentence of incarceration and probation (see Penal Law § 60.01[2][d]). After completing the term of incarceration, the defendant allegedly violated conditions of his probation. The Supreme Court conducted a hearing and found that the defendant had violated several conditions of probation. The court revoked the probation component of the split sentence and imposed a term of imprisonment followed by a period of postrelease supervision. The defendant appeals.
The defendant contends that the Supreme Court erred in removing him from the courtroom during the People's case during the violation of probation hearing. A criminal defendant has the constitutional and statutory right to be present at all material stages of the criminal proceeding (see CPL 260.20; Kentucky v Stincer, 482 US 730, 745; People v Dokes, 79 NY2d 656, 659). However, this right may be waived (see People v Parker, 57 NY2d 136, 139). "'[A] waiver of the right to be present at a criminal trial may be inferred from certain conduct engaged in by the defendant' in open court" (People v Clark, 189 AD3d 1453, 1456, quoting People v Parker, 57 NY2d at 139). A defendant who engages in disruptive behavior may be held to have, in effect, waived his or her right to be present (see People v Parker, 57 NY2d at 140; People v Johnson, 37 NY2d 778, 778). The defendant may be removed from the courtroom if, after being warned by the trial court, the disruptive conduct continues (see People v Antoine, 189 AD3d 1445, 1446; People v Burton, 138 AD3d 882, 883).
Here, the defendant was removed from the courtroom only after the Supreme Court [*2]issued repeated warnings, which were ignored, as the defendant's disruptive behavior continued (see People v Lundquist, 180 AD3d 806, 807; People v Baxter, 102 AD3d 805, 805; People v Parker, 92 AD3d 807, 807). Further, the court afforded the defendant the opportunity to return to the courtroom to testify (see People v Lundquist, 180 AD3d at 808). Accordingly, the court did not improvidently exercise its discretion in removing the defendant from the courtroom during the hearing when he failed to heed the court's warnings.
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying his request for new assigned counsel. The defendant failed to set forth "specific factual allegations of 'serious complaints about counsel,'" so as to trigger the court's duty to make a minimal inquiry into his request for new assigned counsel (People v Porto, 16 NY3d 93, 100, quoting People v Medina, 44 NY2d 199, 207; see People v Nelson, 189 AD3d 1080, 1082; People v Hayes, 179 AD3d 835, 835).
The defendant's contention that the sentence imposed constituted cruel and unusual punishment is without merit (see US Const 8th Amend; NY Const, art I, § 5; People v Joseph, 187 AD3d 1050; People v Chacko, 119 AD3d 955, 956). Moreover, the sentence imposed was not excessive (see People v Lall, 174 AD3d 740; People v Suitte, 90 AD2d 80).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record reflects that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Forrest, 186 AD3d 1395, 1398).
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court