People v Magee (2021 NY Slip Op 07371)





People v Magee


2021 NY Slip Op 07371


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


862 KA 19-00969

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYLER D. MAGEE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered December 1, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Preliminarily, we note that defendant did not waive his right to appeal in this case; although defendant stated during the plea colloquy that he was "willing" to waive his right to appeal as part of the plea bargain, he was never thereafter called upon to actually waive that right. Contrary to defendant's contentions on the merits, however, County Court properly refused to suppress the subject guns on reargument because, for the reasons that follow, he was not subjected to either a De Bour level one interaction on the street or to a level three seizure in the form of pursuit (see generally People v Arnau, 58 NY2d 27, 32 [1982], cert denied 468 US 1217 [1984]; People v De Bour, 40 NY2d 210, 223 [1976]). We therefore have no occasion to consider whether the police would have had the requisite basis to conduct either a level one interaction or a level three seizure under these circumstances.
A level one interaction is a request for information in which an officer asks " 'basic, nonthreatening questions regarding, for instance, identity, address or destination' " (People v Garcia, 20 NY3d 317, 322 [2012], quoting People v Hollman, 79 NY2d 181, 185 [1992]). Here, it is undisputed that the officers never " 'request[ed] information' " from defendant as he walked down the street or as he ran into a house (id.). Indeed, the officers had no contact of any kind with defendant before or as he ran into the house (cf. People v Terracciano, 135 AD2d 849, 850-851 [2d Dept 1987], lv denied 71 NY2d 903 [1988]). Level one analysis is thus inapplicable in this case (see People v Birch, 171 AD3d 938, 939-940 [2d Dept 2019], lv denied 33 NY3d 1102 [2019]; People v Thornton, 238 AD2d 33, 35 [1st Dept 1998]).
Nor did the officers pursue defendant into the house and thereby effect a level three seizure. Pursuit constitutes a level three seizure for De Bour purposes " 'where [the] police action results in a significant interruption [of the] individual's liberty of movement' " (People v Allen, 188 AD3d 1595, 1596 [4th Dept 2020], lv denied 36 NY3d 1117 [2021], quoting People v Bora, 83 NY2d 531, 534 [1994]), and that did not occur here. Defendant had already entered the house of his own volition before the officers got out of their vehicle or said anything to him, and the subsequent actions of one officer in approaching the house, knocking on the door, and securing the occupant's implicit permission to enter did not and could not have impeded defendant's freedom of movement to be where he had already chosen to be, i.e., inside the house (see People v Hughes, 174 AD2d 692, 693-694 [2d Dept 1991], lv denied 78 NY2d 967 [1991]; see also Allen, 188 AD3d at 1596; People v Giles, 223 AD2d 39, 43 [1st Dept 1996], lv denied [*2]89 NY2d 864 [1996]).
To the extent that the court's implicit credibility findings are material to the resolution of this appeal, we perceive no basis to disturb those determinations (see People v Ponzo, 111 AD3d 1347, 1347-1348 [4th Dept 2013]). We add only that, contrary to defendant's characterization, his challenges to the suppression court's credibility findings are not properly analyzed within the framework that governs our review of the weight of the evidence underlying a guilty verdict (compare CPL 470.15 [5] with CPL 470.15 [1]; see generally People v Wilson, 5 NY3d 778, 780 [2005]; People v Prochilo, 41 NY2d 759, 761 [1977]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court