People v Blount (2022 NY Slip Op 02653)

People v Blount

2022 NY Slip Op 02653

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, AND BANNISTER, JJ.

34 KA 20-00979

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAYVION BLOUNT, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PAUL J. CONNOLLY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered July 15, 2020. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]). Preliminarily, we note that defendant did not waive his right to appeal in this case. Although there was some discussion about an appeal waiver during the plea colloquy, defendant "was never . . . called upon to actually waive that right" (People v Magee, 200 AD3d 1619, 1619 [4th Dept 2021]).
We reject defendant's contention that County Court improperly failed to inquire into his complaints about defense counsel at sentencing. Defendant's unexplained allegations of "rude[ness]" and "belligeren[ce]" by defense counsel are precisely the sort of "vague and conclusory" claims that "do[ ] not 'trigger the court's duty to make a minimal inquiry' " (People v Dolison, 200 AD3d 1632, 1633 [4th Dept 2021]; see People v El Hor, 197 AD3d 1118, 1120 [2d Dept 2021], lv denied 37 NY3d 1096 [2021]; see generally People v Franklin, 137 AD3d 550, 551 [1st Dept 2016], lv denied 27 NY3d 1132 [2016]). Moreover, given that defendant "never asked to represent himself . . . , the issue of self-representation never arose and defendant's present claim that the court should have advised him of his right to proceed pro se is baseless" (People v Pines, 298 AD2d 179, 180 [1st Dept 2002], lv denied 99 NY2d 562 [2002]; see also People v Crooks, 95 AD3d 417, 417 [1st Dept 2012], lv denied 19 NY3d 995 [2012]).
By moving to withdraw his plea solely on other grounds, defendant failed to preserve his current contention that his guilty plea was involuntary on the ground that he misunderstood the terms of the plea bargain (see People v Sarrazini, 95 AD3d 459, 459 [1st Dept 2012], lv denied 19 NY3d 967 [2012]; see generally People v Cato, 199 AD3d 1388, 1389 [4th Dept 2021]). In any event, defendant's claimed misunderstanding of the plea bargain is "belied by the record of the plea proceedings, which establishes that [he] was fully aware of the conditions of the plea bargain" (People v Burke, 197 AD2d 731, 731 [3d Dept 1993]; see Sarrazini, 95 AD3d at 459-460; People v Ramos, 56 AD3d 1180, 1181 [4th Dept 2008], lv denied 12 NY3d 761 [2009]). Defendant "may not now claim that he misunderstood the terms of the plea bargain, which were clearly stated on the record and which are subject to but one interpretation" (People v Ramirez, 137 AD2d 770, 770 [2d Dept 1988], lv denied 71 NY2d 1031 [1988]; see People v Howell, 60 AD3d 1347, 1347 [4th Dept 2009]).
Finally, defendant contends that defense counsel was ineffective for making a comment that, in defendant's view, was adverse to defendant's motion to withdraw his plea. We reject that [*2]contention because defense counsel's purportedly adverse comment was made after the court had already denied defendant's motion to withdraw his plea (see People v Clendinen, 4 AD3d 116, 117 [1st Dept 2004], lv denied 2 NY3d 797 [2004]; see also People v Walker, 176 AD3d 747, 747-748 [2d Dept 2019]; People v Martinez, 166 AD3d 1558, 1559-1560 [4th Dept 2018]).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court