People v Fecu (2022 NY Slip Op 02962)





People v Fecu


2022 NY Slip Op 02962


Decided on May 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Gesmer, Moulton, Mendez, Higgitt, JJ. 


Ind. No. 1147/17 Appeal No. 15860 Case No. 2019-03830 

[*1]The People of the State of New York, Respondent,
v
Robert Fecu, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher Michael Pederson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Lester B. Adler, J.), rendered June 19, 2019, convicting defendant, after a jury trial, of criminal contempt in the second degree, and sentencing him to time served, unanimously affirmed.
The court's reprimands and admonitions directed at defendant in the presence of the jury were warranted by his persistent and egregious misconduct, in which he abused his pro se status (see e.g. People v Brown, 262 AD2d 570, 573 [2d Dept 1999], affd 95 NY2d 776 [2000]; People v Garrett, 231 AD2d 428 [1st Dept 1996], lv denied 89 NY2d 864 [1996]; People v Cuba, 154 AD2d 703, 704 [2d Dept 1989], lv denied 75 NY2d 811 [1990]). The court's curative instructions minimized any prejudice arising from its comments, and defendant was not deprived of a fair trial under all the circumstances of the case.
After giving numerous warnings, the court providently exercised its discretion in removing defendant from the courtroom, revoking his pro se status, and directing standby counsel to resume representing defendant. This decision was not based on a single remark by defendant, but on his "persistently obstreperous and disruptive conduct" (People v Williams, 134 AD3d 639, 639 [1st Dept 2015], lv denied 27 NY3d 970 [2016]; see People v Jones, 288 AD2d 107 [1st Dept 2001], lv denied 97 NY2d 702 [2002]), including routinely interrupting the court, making outrageous speeches, disregarding the court's rulings sustaining objections, and displaying exhibits not in evidence to the jury. Under the circumstances, the court also providently exercised its discretion in declining to permit defendant to return to the courtroom.
Defendant failed to establish good cause for the appointment of substitute standby counsel (see People v Linares, 2 NY3d 507 [2004]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal in the absence of a CPL 440.10 motion because they generally involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Alternatively, to the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-14 [1998]; see also Strickland v Washington, 466 US 668 [1984]). It should be noted that after standby counsel resumed the representation, he obtained acquittals of many serious charges including first-degree rape, with the outcome of the trial being a single misdemeanor conviction and a sentence of time served.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022