People v Wheeler (2025 NY Slip Op 03747)

People v Wheeler

2025 NY Slip Op 03747

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
VALERIE BRATHWAITE NELSON, JJ.

2016-04755
 (Ind. No. 8985/14)

[*1]The People of the State of New York, respondent,
v
Elsun Wheeler, appellant.

Twyla Carter, New York, NY (Tomoeh Murakami Tse of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered April 7, 2016, convicting him of burglary in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence. By decision and order dated January 26, 2022, this Court reversed the judgment, dismissed the count of the indictment charging the defendant with assault in the second degree, granted that branch of the defendant's omnibus motion which was to suppress two identifications of the defendant from arrest photographs, and ordered a new trial on the count of the indictment charging the defendant with burglary in the second degree, to be preceded by a hearing to determine whether an independent source exists for the complainant's identification of the defendant with respect to the burglary charge (see People v Wheeler, 201 AD3d 960). On May 18, 2023, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (see People v Wheeler, 40 NY3d 925). Justices Duffy and Connolly have been substituted for former Justices Hinds-Radix and Zayas (see 22 NYCRR 1250.1[b]).
ORDERED that, upon remittitur from the Court of Appeals, the judgment is modified, on the law and the facts, by vacating the conviction of burglary in the second degree and the sentence imposed thereon; as so modified, the judgment is affirmed, that branch of the defendant's omnibus motion which was to suppress two identifications of the defendant from arrest photographs is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the count of the indictment charging the defendant with burglary in the second degree, to be preceded by a hearing to determine whether an independent source exists for the complainant's identification of the defendant with respect to the charge of burglary in the second degree.
The defendant was convicted, upon a jury verdict, of burglary in the second degree and assault in the second degree arising out of related incidents. Upon the defendant's appeal, in a decision and order dated January 26, 2022 (hereinafter the January 2022 order), this Court reversed the judgment of conviction, granted that branch of the defendant's omnibus motion which was to suppress two identifications of the defendant from arrest photographs, and ordered a new trial on the [*2]count of the indictment charging the defendant with burglary in the second degree, to be preceded by an independent source hearing on the complainant's identification of the defendant in connection with the charge of burglary in the second degree (see People v Wheeler, 201 AD3d 960, 961-962). This Court also dismissed the count of the indictment charging the defendant with assault in the second degree, concluding that the conviction under that count was not supported by legally sufficient evidence (see id. at 963).
In an opinion dated May 18, 2023, the Court of Appeals reversed the January 2022 order, concluding that the conviction under the count of the indictment charging the defendant with assault in the second degree was supported by legally sufficient evidence (see People v Wheeler, 40 NY3d 925). The Court of Appeals remitted the matter to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court.
The Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress two identifications of the defendant from arrest photographs. Although the complainant's identification of a Facebook photograph was not the product of a police-arranged identification procedure, the complainant's identifications of the defendant from a single arrest photograph were the result of unduly suggestive identification procedures, and those identifications should have been suppressed (see People v Marshall, 26 NY3d 495, 506; People v Thornton, 236 AD2d 430, 430-431). Thus, the defendant is entitled to a new trial on the count of burglary in the second degree, to be preceded by a hearing to determine whether an independent source exists for the complainant's identification of the defendant (see People v Burts, 78 NY2d 20, 23-24; People v Redding, 65 AD3d 1059, 1060).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on the charge of assault in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 636).
Contrary to the defendant's contention, the charges of assault in the second degree and burglary in the second degree were properly joined (see People v Barnett, 125 AD3d 878, 879; People v Hunt, 39 AD3d 961, 962). Here, the proof of each crime was separately presented, straightforward, and uncomplicated (see People v Barnett, 125 AD3d at 879; People v Vernon, 304 AD2d 679, 679-680).
The Supreme Court also properly denied the defendant's motion to proceed pro se, as the record discloses that the motion was untimely made after jury selection (see People v Crespo, 32 NY3d 176, 178; People v Jenkins, 45 AD3d 864, 864-865). Further, the defendant's repeated disruptive outbursts during related proceedings on prior dates and during the court's inquiry as to why the defendant wanted to proceed pro se established that the motion was calculated to delay trial (see People v Paulin, 140 AD3d 985, 987; People v Williams, 134 AD3d 639, 639).
Contrary to the defendant's contention, the Supreme Court did not violate his constitutional and statutory right to be present in the courtroom. A defendant's right to be present is not absolute, and a defendant may be removed from the courtroom if, after being warned by the court, he or she engages in or continues conduct that unambiguously indicates a defiance of the processes of law and disrupts the trial after all parties are assembled and ready to proceed (see CPL 260.20; People v Lundquist, 180 AD3d 806, 807-808; People v Burton, 138 AD3d 882, 884). After many warnings by the court, starting during the suppression hearing and continuing throughout the trial, the defendant engaged in conduct that unambiguously defied the processes of law and disrupted the trial (see People v Lundquist, 180 AD3d at 806; People v Burton, 138 AD3d at 884).
The defendant's challenge to certain statements made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]). In any event, although some [*3]of the prosecutor's statements during summation would have been better left unsaid, any impropriety in the statements was "not so flagrant or pervasive as to deny the defendant a fair trial" (People v Almonte, 23 AD3d 392, 394; see People v Svanberg, 293 AD2d 555).
The sentence imposed on the conviction of assault in the second degree was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., CONNOLLY, IANNACCI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court