■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS CRUZ, Appellant. [786 NYS2d 848]—

Crew III, J.P. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered June 13, 2002 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

On October 31, 2001, Albany County Sheriff's Investigators Eugene Duda and Douglas Vogel were involved in a drug interdiction effort at a bus station in the City of Albany. While Duda and Vogel were standing near the front door of the station speaking with another individual, defendant entered the station. Defendant went to a phone booth, entered the booth and picked up the receiver but did not deposit any money, dial the phone or speak into the receiver. Instead, defendant appeared nervous and agitated and continuously watched Duda and Vogel. Duda and Vogel then walked out of the station, followed by defendant. As defendant walked by Duda, the deputy said, "Excuse me, sir. Police. Can we speak to you?" At that time defendant, whose shirt was unbuttoned, turned toward Duda, who observed a banana shaped object at the midsection of defendant's waistband. Duda again said, "Could we speak to you?", at which point defendant turned and began to flee. The deputies gave chase and Duda observed defendant reach into his waistband, pull out a dark object, which Duda believed to be a gun, and throw it to the ground. At that point, Duda shouted to Vogel, "it's by the van, gun by the van." Vogel then tackled defendant, who was placed under arrest, and Duda walked back to the van and retrieved a fully-loaded .38 caliber handgun laying beside the van where he had seen defendant throw it. As a consequence, defendant was indicted and charged with criminal possession of a weapon in the third degree. Following a jury trial, defendant was convicted of said crime and sentenced, as a second felony offender, to a term of seven years in prison and he now appeals.

Initially, defendant claims that County Court erred in denying his motion to suppress the gun. We disagree. It is now well established that a defendant's flight in response to approach by

police, combined with other specific circumstances indicating that he or she may be engaged in criminal activity, provides reasonable suspicion justifying police pursuit (*see e.g. People v Sierra,* 83 NY2d 928, 929 [1994]). Here, Duda observed a bulge in defendant's waistband that he believed to be a gun, and when he asked to speak with defendant, defendant fled. Clearly, Duda had reasonable suspicion that defendant may have been engaged in criminal activity justifying police pursuit, a stop and detention.

Defendant next contends that he was unduly prejudiced when Supreme Court failed to permit him to obtain street clothing to wear during trial. While it is clear that the state may not compel a defendant to stand trial while dressed in identifiable prison garb (*see People v Cornwall,* 274 AD2d 744, 745 [2000], *lvs denied* 95 NY2d 933 [2000]), defendant's failure to object to wearing such clothes negates the presence of compulsion necessary to establish a constitutional violation (*see Estelle v Williams,* 425 US 501, 512-513 [1976]). Moreover, where a defendant has been given sufficient advance notice of trial and fails to make the necessary arrangements to obtain civilian clothing to wear at trial, a trial court acts within its bounds when it elects to proceed rather than disrupt the proceedings (*see People v Reid,* 137 AD2d 844, 845 [1988], *lv denied* 71 NY2d 901 [1988]).

Here, immediately before commencement of trial, defendant expressed his desire to be dressed in civilian attire. There is no indication that defendant lacked sufficient notice of the trial and, indeed, defense counsel responded that he had made efforts to obtain such clothing but it would not be available until later in the afternoon or the next day. Supreme Court then determined that it would proceed with the trial and would permit defendant to change into civilian apparel when and if it arrived. We find no error in that ruling. We have considered defendant's remaining contentions, including those contained in his pro se submission, and find them to be without merit.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.