■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIOVANNI ROPERTO, Appellant. [59 NYS3d 439]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered January 13, 2015, convicting him of assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the defendant's convictions were not against the weight of the evidence.

The defendant contends that he was deprived of the effective assistance of counsel based on defense counsel's failure to

request, inter alia, that the jury be charged with physical force justification in addition to deadly physical force justification. This contention is without merit because there was no reasonable view of the evidence, viewed most favorably to the defendant, to support a finding that the defendant, who stabbed the two victims with a knife, used only nondeadly physical force (*see People v Lugg*, 124 AD3d 679, 680 [2015]; *People v Taylor*, 118 AD3d 1044, 1047 [2014]; *People v Steele*, 19 AD3d 175 [2005]), and "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004]). Furthermore, focusing on the "fairness of the process as a whole" (*People v Benevento*, 91 NY2d 708, 714 [1998]) and reviewing the evidence, the law, and the circumstances of the case in totality, including the fact that defense counsel secured the defendant's acquittal on certain counts, we find that the defendant was provided with meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's contention that he was deprived of a fair trial by certain comments made by the prosecutor during his opening and closing statements is largely unpreserved for appellate review and, in any event, without merit (*see* CPL 470.05 [2]; *People v Speaks*, 28 NY3d 990, 992 [2016]). Dillon, J.P., Austin, Roman and Cohen, JJ., concur.