People v Thelismond (2020 NY Slip Op 01368)





People v Thelismond


2020 NY Slip Op 01368


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2015-04726
 (Ind. No. 2646/13)

[*1]The People of the State of New York, respondent,
v
Belende Thelismond, appellant.


Paul Skip Laisure, New York, NY (Alexis A. Ascher of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered May 26, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
On July 11, 2011, Floyd Anderson was fatally shot while standing on a street corner in Brooklyn. The defendant, who walked with the assistance of crutches, was in the vicinity of the incident and also sustained gunshot wounds. Approximately two years later, the defendant was arrested and charged with murder in the second degree (Penal Law § 125.25[1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03). After a jury trial, the defendant was convicted of those counts and sentenced. The defendant appeals from the judgment.
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, his girlfriend's sister was not improperly excluded from the closed courtroom during the testimony of one of the eyewitnesses. Once the prosecution met its burden of showing that closure of the courtroom to the general public was required in order to protect the safety of the eyewitness, the burden shifted to the defendant to show that his girlfriend's sister was "linked to him by some tie of more significance than ordinary [*2]friendship" (People v Nazario, 4 NY3d 70, 74; see People v Branch, 48 AD3d 826). The defendant failed to meet this burden.
The Supreme Court erred, however, in admitting into evidence a recording of an anonymous call made to 911 under the "excited utterance" and "present sense impression" exceptions to the hearsay rule. "A spontaneous declaration or excited utterance—made contemporaneously or immediately after a startling event—which asserts the circumstances of that occasion as observed by the declarant' is an exception to the prohibition on hearsay" (People v Cummings, 31 NY3d 204, 209, quoting People v Edwards, 47 NY2d 493, 496-497). While in most instances, the requirement that the declarant personally observe the event " is satisfied self-evidently from the circumstances that the declarant was an actual participant in the event which is the subject of the declaration,'" the statement of a non-participant can be admitted as an excited utterance (People v Cummings, 31 NY3d at 210, quoting People v Fratello, 92 NY2d 565, 571). However, "it must be inferable that [such] declarant had an opportunity to observe personally the event described in the [spontaneous] declaration" (People v Fratello, 92 NY2d at 571; see People v Cummings, 31 NY3d at 209).
Here, the People did not present sufficient facts from which it could be inferred that the anonymous caller personally observed the incident (see People v Cummings, 31 NY3d at 211). The anonymous caller merely stated to the 911 operator that "[s]omebody just got shot on East 19th and Albemarle" and that it "was a guy with crutches. He started to shoot." Nothing in these brief, conclusory statements, which were made at least five minutes after the shooting occurred, suggested that the caller was reporting something that he saw, as opposed to something he was told (see id. at 211-212). Moreover, although there was testimony that the call was made from a payphone located in the vicinity of the shooting, the People did not demonstrate that the payphone was situated outdoors or in a place where the actual site of the shooting would be visible. Accordingly, the statement did not qualify as an "excited utterance" (see id.).
For similar reasons, the declarations of the 911 caller were not admissible under the "present sense impression" exception to the hearsay rule. " Present sense impression' declarations . . . are descriptions of events made by a person who is perceiving the event as it is unfolding" (People v Vasquez, 88 NY2d 561, 574; see People v Brown, 80 NY2d 729, 734). Here, as just explained, the People failed to demonstrate that the anonymous caller was describing events that he actually perceived.
We cannot say that the error in admitting the challenged 911 call was harmless. While the People offered testimony of two eyewitnesses who identified the defendant as the shooter, the witnesses came forward only after having been subjected to felony arrests two years after the incident, and testified pursuant to favorable cooperation agreements. Indeed, one witness was promised an adjournment in contemplation of dismissal of his second-degree burglary charge, in exchange for truthful testimony. The defendant testified, denying that he shot the victim and asserting that he was merely speaking with the victim when shots were fired, one of which struck the defendant. In light of the credibility issues presented with respect to the People's two eyewitnesses, the People placed significant reliance upon the improperly admitted 911 call, referring to the caller in summation as a third eyewitness and asserting that his statements were "[s]trong, overwhelming, corroborative evidence of the two eyewitnesses who took [the] witness stand." In addition, during deliberations, the jurors, at their request, reviewed the 911 tape and the testimony of the witness regarding when and from where the call was made. Under these circumstances, it cannot be said that the evidence against the defendant was overwhelming or that there was no significant probability that the error in admitting the 911 tape contributed to the defendant's convictions (see People v Cummings, 31 NY3d at 212; People v Crimmins, 36 NY2d 230, 231).
Accordingly, we reverse the judgment and order a new trial.
In light of our determination, we need not reach the parties' remaining contentions.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court