People v Zeigler (2022 NY Slip Op 00444)





People v Zeigler


2022 NY Slip Op 00444


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-11297
 (Ind. No. 2053/18)

[*1]The People of the State of New York, respondent,
v
Andrew Zeigler, appellant.


Joseph F. DeFelice, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards, Amanda Manning, and Libbi L. Vilher of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered September 10, 2019, convicting him of driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(2); driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3); aggravated unlicensed operation of a motor vehicle in the first degree (three counts); aggravated unlicensed operation of a motor vehicle in the second degree (two counts); operation of a motor vehicle without a license, in violation of Vehicle and Traffic Law § 509(1); and failure to maintain a single lane, in violation of Vehicle and Traffic Law § 1128(a), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with driving while intoxicated and related offenses pursuant to his alleged act of operating a motor vehicle under the influence of alcohol without a valid driver license. On April 17, 2019, the Supreme Court commenced a pretrial hearing on the defendant's motion to suppress evidence but, following repeated disruptive behavior from the defendant, which prompted warnings from the court that the hearing would proceed in his absence if he continued to so behave, the defendant complained that he was "not feeling good" and had a "big headache" requiring him "to see a doctor as soon as possible." When the court expressed disbelief in the defendant's claims, the defendant "just slid out of his chair onto the floor[,]" prompting a recess. When the proceedings resumed that afternoon outside the defendant's presence, the court found that the defendant had been feigning illness, which was a dilatory tactic that the defendant had also used at a prior grand jury proceeding, and proceeded with the hearing in the defendant's absence.
Although the defendant had a right to be present at the pretrial hearing (see People v Baynes, 162 AD3d 897, 897), "'[a] defendant who engages in disruptive behavior . . . may be held to have, in effect, waived his [or her] right to be present'" (People v Paige, 134 AD3d 1048, 1052, quoting People v Connor, 137 AD2d 546, 549). In this case, after warning the defendant that the hearing would proceed in his absence, and after examining the surrounding circumstances, the Supreme Court determined that the defendant's absence was deliberate and recited on the record its reasons for that finding (see People v Forrest, 186 AD3d 1395, 1398; People v Ramos, 179 AD3d 842, 843). The court's conclusion that, by engaging in a persistent course of conduct, which included disrupting the proceedings, repeatedly changing his position regarding his desire to replace [*2]counsel or proceed pro se, and choosing to absent himself from the pretrial hearing proceedings by feigning illness, the defendant waived his right to be present at those proceedings, was a provident exercise of discretion (see People v Spotford, 85 NY2d 593, 599; People v Parker, 57 NY2d 136, 141; People v Traylor, 74 AD3d 1251, 1252). The defendant's contentions to the contrary rely on allegations which are dehors the record. Moreover, the record shows that the court satisfied its obligation to consider the appropriate factors before proceeding with the pretrial hearing in the defendant's absence (see People v Parker, 57 NY2d at 142; People v Forrest, 186 AD3d at 1398).
The defendant's contention that he was deprived of a fair trial by being compelled to appear at jury selection in his orange jail attire is also without merit. Where, as here, the record supports the Supreme Court's determination that the defendant was given sufficient advance notice of trial, yet chose not to avail himself of the civilian clothing that he was offered to wear at trial, the court "act[ed] within its bounds when it elect[ed] to proceed rather than disrupt the proceedings" (People v Cruz, 14 AD3d 730, 732; see People v Bullock, 28 AD3d 673; People v Reid, 137 AD2d 844, 845). Any prejudice to the defendant was countered by the court's specific instruction to the jury that no inference should be drawn from his choice to wear orange clothes (see People v Walker, 259 AD2d 1026, 1027; People v Gallan, 78 AD2d 904). The defendant did not object to the language of that instruction at trial and, therefore, his contention that the instruction compounded the error is unpreserved for appellate review. In any event, that contention is without merit.
Contrary to the defendant's contention, he was not denied the effective assistance of counsel in connection with his arraignment upon a special information. Pursuant to CPL 200.60, the defendant was arraigned upon a special information charging that he was previously convicted of driving while intoxicated, and chose to remain mute. That procedure was conducted in compliance with CPL 200.60. The defendant, not his attorney, is arraigned on the special information (see People v Cooper, 78 NY2d 476, 478), and his attorney could not admit to the allegations in the special information in his stead.
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court