People v Samuel (2022 NY Slip Op 05224)

People v Samuel

2022 NY Slip Op 05224

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-03690
 (Ind. No. 9569/15)

[*1]The People of the State of New York, respondent,
v
Shy Kym Samuel, appellant.

Patricia Pazner, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Dmitriy Povazhuk of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn J. Laporte, J.), rendered February 20, 2019, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree for his role in a shooting death in Brooklyn.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Carncross, 14 NY3d 319, 324-325; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Li, 34 NY3d 357, 363; People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in proceeding with opening statements in the defendant's absence. "A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions" (People v Parker, 57 NY2d 136, 139). "However, the right to be present may be waived, and a defendant may forfeit [the] right to be present when his [or her] conduct unambiguously indicates a defiance of the processes of law and it disrupts the trial after all parties are assembled and ready to proceed" (People v Lundquist, 180 AD3d 806, 807 [internal quotation marks omitted]; see People v Sanchez, 65 NY2d 436, 444). Here, the defendant forfeited his right to be present when he repeatedly absented himself from the courtroom and continued to engage in [*2]disruptive behavior despite repeated warnings given to him by the court. Under the circumstances, the court acted within its discretion (see People v Lundquist, 180 AD3d at 807-808; People v Parker, 92 AD3d 807, 807; People v Sanchez, 7 AD3d 645, 646).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in admitting into evidence recordings of two 911 calls made from the apartment where the shooting occurred under the present sense impression exception to the prohibition against the admission of hearsay (see People v Brown, 80 NY2d 729, 732; People v Portious, 201 AD3d 820, 821).
However, the Supreme Court erred in admitting into evidence a recording of a 911 call from a neighbor that was made after the shooting under either the present sense impression or excited utterance exceptions to the prohibition against the admission of hearsay. "'A spontaneous declaration or excited utterance—made contemporaneously or immediately after a startling event—which asserts the circumstances of that occasion as observed by the declarant is an exception to the prohibition against the admission of hearsay'" (People v Thelismond, 180 AD3d 1076, 1077-1078, quoting People v Cummings, 31 NY3d 204, 209 [internal quotation marks omitted]). Although the statement of a nonparticipant to the event described may be admitted as an excited utterance, "'it must be inferable that [such] declarant had an opportunity to observe personally the event described in the [spontaneous] declaration'" (People v Thelismond, 180 AD3d at 1078, quoting People v Fratello, 92 NY2d 565, 571). Here, the People did not present sufficient facts from which it could be inferred that the neighbor who called 911 had personally observed the incident, and thus, her statements during the 911 call did not qualify under the excited utterance exception to the prohibition against the admission of hearsay (see People v Thelismond, 180 AD3d at 1078; People v Watkins, 125 AD3d 1364, 1365). Further, the statements of the neighbor did not qualify under the present sense impression exception to the prohibition against the admission of hearsay, since the neighbor was not describing events that she personally perceived as the events were unfolding (see People v Thelismond, 180 AD3d at 1078). Nevertheless, the error in admitting the 911 call from the neighbor was harmless in light of the overwhelming evidence of the defendant's guilt without reference to the error, and the absence of any significant probability that the error might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230; People v Leach, 137 AD3d 1300, 1301).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions either are without merit (see People v Sanchez, 65 NY3d at 444; People v Williams, 147 AD3d 983, 983-984) or not properly before this Court.
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court