People v Gittens (2023 NY Slip Op 01098)

People v Gittens

2023 NY Slip Op 01098

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-04439
 (Ind. No. 5554/17)

[*1]The People of the State of New York, respondent,
v
Shamecca Gittens, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julien Joiris of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered April 3, 2019, convicting her of attempted assault in the first degree, assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Following a jury trial, the defendant was convicted of attempted assault in the first degree, assault in the second degree, and assault in the third degree, in connection with the slashing of three women during a fight outside a fast food restaurant in Brooklyn.
The Supreme Court erred in admitting into evidence statements made during an anonymous 911 call under either the excited utterance or present sense impression exceptions to the prohibition against the admission of hearsay. "A spontaneous declaration or excited utterance—made contemporaneously or immediately after a startling event—which asserts the circumstances of that occasion as observed by the declarant is an exception to the prohibition on hearsay" (People v Cummings, 31 NY3d 204, 209 [internal quotation marks omitted]). "Although the statement of a nonparticipant to the event described may be admitted as an excited utterance, it must be inferable that [such] declarant had an opportunity to observe personally the event described in the [spontaneous] declaration" (People v Samuel, 208 AD3d 1261, 1262-1263 [internal quotation marks omitted]; see People v Thelismond, 180 AD3d 1076, 1078). Here, the People did not present sufficient facts from which it could be inferred that the caller had personally observed the incident, and thus, the caller's statements during the 911 call did not qualify under the excited utterance exception to the prohibition against the admission of hearsay (see People v Samuel, 208 AD3d at 1263; People v Thelismond, 180 AD3d at 1078). Further, the material statements made during the 911 call did not qualify under the present sense impression exception to the prohibition against the admission of hearsay, since the caller was not describing events that the caller personally perceived as the events were unfolding (see People v Samuel, 208 AD3d at 1263; People v Morris, 189 AD3d 1077, 1080).
Nevertheless, contrary to the defendant's contention, the admission of the recording of the 911 call did not violate the defendant's right of confrontation because the declarant's [*2]statements were not testimonial (see Crawford v Washington, 541 US 36; People v Bradley, 8 NY3d 124, 126). The information conveyed by the declarant during the 911 call was for the purpose of seeking medical and police intervention, and did not result from structured questioning (see People v Thomas, 187 AD3d 949, 950; People v Legere, 81 AD3d 746, 750). Further, the error in admitting the recording of the 911 call was harmless in light of the overwhelming evidence of the defendant's guilt without reference to the statements, and the absence of any significant probability that the error might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230; People v Hardy, 208 AD3d 519, 519).
To the extent the defendant seeks a reduction in the periods of postrelease supervision so as to have them run concurrently with each other, we note that the periods of postrelease supervision will merge by operation of law (see Penal Law § 70.45[5][c]), and, thus, no modification is necessary with respect to the periods of postrelease supervision imposed (see People v Juin, 197 AD3d 571). The component of the sentence imposed relating to incarceration was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that she was denied the effective assistance of counsel is without merit (see People v Roperto, 153 AD3d 556, 557; People v Bunting, 146 AD3d 794, 795).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court