People v Gilchrist (2023 NY Slip Op 02537)

People v Gilchrist

2023 NY Slip Op 02537

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2020-07394
 (Ind. No. 544/18)

[*1]The People of the State of New York, respondent,
v
Eric Gilchrist, appellant.

Thomas R. Villecco, Jericho, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered September 15, 2020, convicting him of assault in the second degree, assault in the third degree, and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, he was not deprived of a fair trial when he appeared in court on the first day of jury selection in prison attire. The record demonstrates that the defendant was given sufficient advance notice of the trial and chose not to wear his civilian clothing that was available on the day the trial began. Thus, the County Court was "within its bounds" when it denied the defendant's motion to adjourn the trial so that he could obtain different attire (People v Cruz, 14 AD3d 730, 732; see People v Zeigler, 201 AD3d 972, 973). Moreover, any prejudice to the defendant was alleviated by the court's curative instruction (see People v Zeigler, 201 AD3d at 973). The defendant's objection regarding the curative instruction (see CPL 470.05[2]) is without merit (see People v Zeigler, 201 AD3d at 973).
The County Court also did not improvidently exercise its discretion in permitting the People to elicit evidence of prior incidents of domestic violence between the defendant and the complainant (see People v Frankline, 27 NY3d 1113, 1115; People v Molineux, 168 NY 264, 313). The evidence had "substantial probative value" and was directly relevant to the non-propensity issues of intent, absence of mistake, and relevant background information to enable the jury to understand the defendant's relationship with the complainant (People v Cass, 18 NY3d 553, 560; see People v Telfair, 198 AD3d 678, 681). Moreover, the probative value of the evidence outweighed the risk of potential prejudice to the defendant (see People v Cass, 18 NY3d at 560). In addition, the risk of any potential prejudice to the defendant from the admission of the evidence was alleviated by the court's limiting instructions to the jury (see id.).
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court