People v Sanders (2023 NY Slip Op 03020)

People v Sanders

2023 NY Slip Op 03020

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2018-01038
 (Ind. No. 6586/15)

[*1]The People of the State of New York, respondent,
v
Anthony Sanders, appellant.

Patricia Pazner, New York, NY (Tammy E. Linn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Gamaliel Marrero, and Jason Eldridge of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered December 8, 2017, convicting him of burglary in the first degree, robbery in the first degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of burglary in the first degree, robbery in the first degree, and attempted robbery in the first degree arising out of a gunpoint robbery of the complainant and an attempted robbery of the complainant's mother in the home of the complainant's mother.
Contrary to the defendant's contention, the verdict of guilt on the conviction of attempted robbery in the first degree with respect to the defendant's actions in relation to the complainant's mother was not against the weight of the evidence (see People v Lamont, 25 NY3d 315, 319; People v Mitchell, 59 AD3d 739, 740). "Whether a defendant had the intent to forcibly steal property is a question for the trier of fact . . . which may be answered based on direct evidence of such intent, or upon reasonable inferences drawn from the trial evidence" (People v Gordon, 23 NY3d 643, 651; see People v Marcus, 171 AD3d 1093, 1095). Upon reviewing the record here, the credible evidence established the defendant's intent to commit robbery with respect to the complainant's mother as well as the complainant.
The Supreme Court providently exercised its discretion in conducting a suppression hearing in the defendant's absence. "'A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions'" (People v Samuel, 208 AD3d 1261, 1262, quoting People v Parker, 57 NY2d 136, 139). "The significance of the suppression hearing is such that the rationale for requiring the defendant's presence at the trial applies with equal force to require his [or her] presence at the suppression hearing" (People v Anderson, 16 NY2d 282, 287). "'However, the right to be present may be waived, and a defendant may forfeit [the] right to be present when his [or her] conduct unambiguously indicates a defiance [*2]of the processes of law and it disrupts the trial after all parties are assembled and ready to proceed'" (People v Samuel, 208 AD3d at 1262, quoting People v Lundquist, 180 AD3d 806, 807; see People v Parker, 57 NY2d at 140-141).
The record demonstrates that the Supreme Court informed the defendant of his right to be present at trial and to testify, and further advised him that, if he deliberately failed to appear, he could be tried in absentia (see People v Parker, 57 NY2d at 141-142; People v Ramos, 179 AD3d 842, 844). Thereafter, at the suppression hearing, the court warned the defendant that he would be held in contempt if he continued to interrupt the court proceeding; shortly thereafter, the defendant violently assaulted court officers in the court's presence. The Justice then recused himself and the hearing was adjourned to the following week before a different Justice, who thereafter adjourned the hearing again because the defendant was spitting on court personnel. The following day, the court indicated that it was informed that the defendant assaulted corrections officers who were attempting to produce the defendant in court. Under these circumstances, the court's determination that the defendant's persistent misconduct constituted a waiver of his right to be present at the suppression hearing was a provident exercise of discretion (see People v Zeigler, 201 AD3d 972, 973; People v Ramos, 179 AD3d at 844). Moreover, the record shows that the court satisfied its obligation to consider the appropriate factors before proceeding with the suppression hearing in the defendant's absence (see People v Parker, 57 NY2d at 142; People v Zeigler, 201 AD3d at 973).
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court