People v Davis (2024 NY Slip Op 00636)

People v Davis

2024 NY Slip Op 00636

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2018-14644
 (Ind. No. 3594/17)

[*1]The People of the State of New York, respondent,
v
Paul Davis, appellant.

Gail Gray, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Terrence F. Heller of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent Del Giudice, J.), rendered October 25, 2018, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the verdict is against the weight of the evidence because the People did not establish his identity as the shooter. "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence[,] and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348). Great deference is accorded to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, defense counsel was not ineffective for failing to object to the admission of a 911 recording on Confrontation Clause grounds. Statements made during a 911 call for the primary purpose of enabling police and medical services to meet an ongoing emergency, rather than for providing evidence for a later prosecution, are nontestimonial in nature and, thus, do not violate the Confrontation Clause (see Davis v Washington, 547 US 813, 822; People v Gittens, 214 AD3d 670, 671). Here, the statements in the 911 recording made by the girlfriend of one of the victims were nontestimonial. Since any objection by defense counsel on Confrontation Clause grounds would have had little or no chance of success, his failure to object on this ground did not constitute ineffective assistance of counsel (see People v Benjamin, 188 AD3d 715, 716; People v Hale, 147 AD3d 975, 976).
Moreover, defense counsel's failure to object or request curative instructions to [*2]certain prosecutorial remarks on summation did not deprive the defendant of the effective assistance of counsel (see People v King, 27 NY3d 147, 159-160). The record reveals that defense counsel provided meaningful representation (see People v Alphonso, 144 AD3d 1168, 1169; People v Stevenson, 129 AD3d 998, 999).
The defendant's remaining contentions are without merit.
DUFFY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court