People v George (2025 NY Slip Op 02220)

People v George

2025 NY Slip Op 02220

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2018-06014
 (Ind. No. 2300/16)

[*1]The People of the State of New York, respondent,
v
Bidi George, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered May 3, 2018, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress showup identification evidence. Exigent circumstances existed warranting the showup identification because the police needed to determine whether they had apprehended the right suspect in connection with a home invasion burglary or if they should keep looking for other suspects (see People v Howard, 22 NY3d 388, 402; People v Mayes, 200 AD3d 718). Even if there were no exigent circumstances, the showup identification was permissible because it was conducted in sufficiently close geographic and temporal proximity to the crime, as part of ongoing investigation, and the procedures used were not unduly suggestive (see People v Howard, 22 NY3d at 402; People v Brisco, 99 NY2d 596, 597; People v Mayes, 200 AD3d 718). Moreover, "[t]he identification procedure was not rendered unduly suggestive by the fact that the defendant was handcuffed and in the presence of police officers" (People v Duvert, 229 AD3d 638, 639; see People v Rodriguez, 224 AD3d 783, 784).
The County Court also properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The evidence adduced at the hearing demonstrated that the defendant was properly administered Miranda warnings (see Miranda v Arizona, 384 US 436, 444) and, thereafter, knowingly, voluntarily, and intelligently waived his Miranda rights (see People v Mateo, 2 NY3d 383, 413; People v Molina, 188 AD3d 920, 921; People v Williams, 191 AD2d 526, 527).
The defendant's challenge to his exclusion from the courtroom is unpreserved for appellate review (see CPL 470.05[2]; People v Cabrera, 41 NY3d 35, 43; People v Sargeant, 230 AD3d 1341, 1353). In any event, the contention is without merit. "A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions" (People v Sargeant, 230 AD3d at 1349; see People v Clark, 189 AD3d 1453, 1456). "However, the right to be present may be waived, and a defendant may forfeit [the] right to be [*2]present when his [or her] conduct unambiguously indicates a defiance of the processes of law and it disrupts the trial after all parties are assembled and ready to proceed" (People v Parker, 92 AD3d 807, 807 [internal quotation marks omitted]; see People v Samuel, 208 AD3d 1261, 1262; see also People v Sanchez, 65 NY2d 436, 443-444). Here, the defendant forfeited his right to be present when he continued to engage in disruptive behavior despite repeated warnings by the County Court. Under the circumstances, the court acted within its discretion when it excluded the defendant from certain pretrial hearings and the trial (see People v Samuel, 208 AD3d at 1262; People v Parker, 92 AD3d at 807-808).
Further, the defendant's contention that the County Court improperly excluded an unnamed "spectator" from the courtroom is unpreserved for appellate review and, in any event, without merit (see People v Cosentino, 198 AD2d 294, 295).
The defendant's contention that the evidence was legally insufficient to support his conviction of burglary in the first degree is unpreserved for appellate review (see CPL 470.05[2]; People v Finger, 95 NY2d 894, 895) and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the first degree beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d at 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see generally People v Brisman, ____ NY3d _____, _____, 2025 NY Slip Op 00123,*1-4).
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court